UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ADRIEN LAMAR JONES | CIVIL ACTION NO. 09-2140-P |
| VERSUS | JUDGE STAGG |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Adrien Lamar Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 11, 2009. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Steve Prator, the Caddo Correctional Center, the Caddo Correctional Center medical staff, and the Caddo Correctional Center Bureau Commander Office as defendants.

Plaintiff claims that on October 24, 2009, his hair was cut by an inmate barber. He claims the barber nicked his head with the clippers twice. He claims that because the clippers were not properly cleaned, he developed a staph infection.

Plaintiff claims Caddo Correctional Center denied him proper medical treatment for the cuts. He claims that on November 21, 2009, he was denied medical treatment by a deputy even though he had bumps the size of golf balls on both sides of his head. He claims he made an emergency sick call request between 9:00 a.m. and 10:00 a.m. He claims that after the medical staff refused to see him, Sgt. Acklen and Deputy Pace examined his head and stated he should be taken to LSU Medical Center. He claims Sgt. Acklen called the director of the facility and the director called the medical staff. He claims he was then seen by a member of the medical staff at 7:00 p.m. He claims he was in severe pain. He claims he was examined by nurse Allen Kendrick who diagnosed him with staph infection. He claims he was denied an emergency visit to the hospital for testing and treatment.

Plaintiff claims he then filed an emergency grievance requesting treatment at LSU Medical Center, photos of his infection and proper testing. He claims his grievance was denied by the Bureau Commander's Office.

Plaintiff claims he suffered severe anguish, emotional distress, and pain. He claims that for several nights he was unable to sleep. He claims he cannot sleep on the sides of his head. He claims the wounds continue to bleed and secrete pus. He claims he suffers severe discomfort. He also claims he has migraine headaches to the point that he cannot "sleep, recreate or read."

Plaintiff claims he also received inadequate medical attention on January 5, 2010 through January 20, 2010 and February 24, 2010 through March 5, 2010. He claims he was denied proper and emergency treatment for the staph infection which kept returning. He

claims the staph infection left holes and scars on his head where hair will not grow. He admits the medical staff sprayed his infection with peroxide and water, wiped it with cotton and covered it with a patch and gave him Ibuprofen and antibiotics November 22, 2009 through December 12, 2009, January 5, 2010 through January 20, 2010, and February 24, 2010 through March 5, 2010.  Plaintiff claims his requests for stronger medication were denied.  Plaintiff claims he was charged for his medical visits.

As relief, Plaintiff seeks monetary compensation and proper treatment and testing.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff claims he was denied adequate medical care for a staph infection after an inmate barber nicked his head with clippers that were not properly cleaned.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate

indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84

     In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

     Plaintiff admits he was seen by medical personnel on several occasions. He admits that the medical staff sprayed his infection with peroxide and water, wiped it with cotton and covered it with a patch. He further admits he was given Ibuprofen and antibiotics. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Plaintiff also complains that he was charged for his medical visits. Plaintiff does not have a constitutional right to free medical care. Hutchinson v. Belt, 957 F.Supp. 97 (W.D. La. 1996) (citations omitted). Furthermore, Plaintiff does not allege that he was denied medical treatment because he could not pay the fee.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad

discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of December 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE